```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION


SHANDA MATHIS,                      :
        Plaintiff,                  :        Case No. 2:10-CV-0049
    v.                              :        Judge Holschuh


COLUMBUS POLICE DEPARTMENT          :
AND EMPLOYEES, et al.,
        Defendants                  :
```

MEMORANDUM AND ORDER

On January 21, 2010, Plaintiff Shanda Mathis filed this civil rights action on her own behalf and on the behalf of six minor children alleging violation of their constitutional rights by officers of the Columbus Police Department ("CPD"). On March 22, 2010, the defendants filed a motion to dismiss the complaint. On April 15, 2010, Ms. Mathis filed a response to the motion to dismiss and a motion to amend the complaint. The Court granted the motion to amend, and Ms. Mathis filed her amended complaint on May 5, 2010. The Court denied the defendants' motion to dismiss on May 10, 2010, because the amended complaint rendered the motion to dismiss moot. The defendants answered the amended complaint on May 17, 2010, and subsequently moved for judgment on the pleadings on May 24, 2010, contending that this action is barred by the applicable statute of limitations. Ms. Mathis has not responded to that motion. For the following reasons, defendants' motion for judgment on the pleadings will be granted.

I.

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979). In ruling upon such a motion, the Court must accept as true all well-pleaded material

allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). Pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the motion for judgment on the pleadings must be decided.

## II.

According to the amended complaint, on the night of July 9, 2007, on Emelise Drive, Ms. Mathis and six minor children were waiting in a parked car in a lot next to an apartment building. The car was approached by Officers Poliseno, Kemp, and Gibson of the CPD. Officer Poliseno searched Ms. Mathis's vehicle, and the officers seized the six minor children. The officers did not present a search warrant. Ms. Mathis asserts that neither she nor any of the children was committing any crime at the time of the search and that the children were seized because the officers believed either that they were homeless or out too late at night.

Ms. Mathis alleges that she complained to Internal Affairs before this incident that Columbus police officers engaged in unlawful searches and seizures and were also a threat to juveniles. She further alleges that the CPD knew she was being harassed and discriminated against, and that in some cases the CPD failed to investigate or otherwise respond to the problem, and took no steps to protect her from this conduct.

Ms. Mathis alleges that the officers' actions violated the Fourth and Fourteenth Amendment rights of her and the children. She brings those claims pursuant to 42 U.S.C. §1983. She also alleges violations of 18 U.S.C. §§241 and 242 and 42 U.S.C. §14141.

Ms. Mathis seeks compensatory damages in the amount of one

hundred million dollars ($100,000,000) as well as punitive damages for the "gross negligence" demonstrated by the CPD. She also seeks an order declaring she has the right to privacy in how she cares for her minor children. Additionally, she seeks a permanent restraining order preventing the CPD from searching her property or person without a search warrant or stopping her in traffic if she has not committed a crime. Finally, she seeks injunctive relief ordering the CPD to discipline Officers Poliseno, Kemp, and Gibson and to dismiss them from their duties as police officers.

### III.

There is no statute of limitations provided for 42 U.S.C. §1983. In order to ensure consistency and certainty in litigation, the United States Supreme Court has held that in §1983 actions, federal courts must borrow the applicable state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 275-276 (1985). When a state has multiple statutes of limitation for personal injury actions, the residual or general personal injury statute of limitations is appropriate, not the statute of limitations for specific intentional torts. Owens v. Okure, 488 U.S. 235 (1989). The Court of Appeals for the Sixth Circuit has held that Ohio Rev. Code Ann. §2305.10 is the applicable statute, creating a two year statute of limitations for §1983 actions in Ohio. Browning v. Pendleton 869 F.2d 989, 992 (6th Cir. 1989)(en banc).

### IV.

It is apparent from the face of the complaint that the incidents about which Ms. Mathis complains occurred more than two years before she filed her complaint. The statute of limitations begins to run when the plaintiff becomes aware of the injury. Keating v. Carey, 706 F.2d 377, 382 (2d Cir. 1983). Ms. Mathis was aware of the injury at the time of the search and seizure.

Therefore, the statute of limitations began to run on July 9, 2007, and expired on July 9, 2009. Ms. Mathis filed her initial complaint on January 21, 2010, over six months after the statute of limitations expired. Therefore, even assuming all of her allegations are true, Ms. Mathis' constitutional claims are barred by the statute of limitations.

V.

Ms. Mathis also seeks relief under 18 U.S.C. §§241 and 242. These are both criminal statutes. Section 241 bans conspiracy to infringe upon another's Constitutional rights, and Section 242 bans deprivation of Constitutional rights under color of law. There is no private cause of action under either of these criminal statutes. United States v. Oguaju, 76 Fed.Appx. 579, 581 (6th Cir. 2003); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Therefore, Ms. Mathis lacks standing to file an action under 18 U.S.C. §§241 and 242.

VI.

Similarly, Ms. Mathis alleges a violation of 42 U.S.C. §14141. Section 14141 makes it illegal for law enforcement officers to deprive individuals of their civil rights. However, the statute authorizes the Attorney General to file an action in the name of the United States to obtain relief to eliminate the practice. There is no private cause of action under this statute. Leisure v. City of Reynoldsburg, Ohio, No. 2:07-CV-411, 2007 WL 2344706 at *4 (S.D. Ohio August 14, 2007). Therefore, she fails to state a claim upon which relief can be granted.

VII.

Based on the foregoing reasons, the Court GRANTS defendants' motion for judgment on the pleadings (# 14). This case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Date: August 2, 2010                              **/s/ John D. Holschuh**
                                                          John D. Holschuh, Judge
                                                          United States District Judge